Good morning, Your Honors. My name is Marilyn Klinger. I represent United Coastal, the appellant in this case. I reviewed your notices of cases set for hearing, and under subject of oral argument, you say argument should be devoted to clarifying issues as needed and to responding to questions raised by the judges of the panel. Accordingly, I am only going to provide two clarifying points, and then I will obviously entertain your questions and defer for response to Bechtel's comments. Number one, the supersedious bond. There are two aspects of this bond, which is the subject of this appeal, that were not identified as much as they could have been in all the pleadings, surprisingly. The first is on page 1 of the bond, which is excerpt of record, page 12. Show all men by these presents that we, Defendant Appellant Axtar, and NNE Incorporated in New York, as principal, and then Ann Scherty, are held and firmly bound. And those are the words, are held and firmly bound. It is a principal's obligation. That is the obligation guaranteed. There is no other obligation, and it is Axtar stated as the principal. Number two, in the now therefore clause, which is the operative clause for a Scherty bond of any ilk, and particularly in the supersedious bond, it says, now therefore, the condition of this obligation is such that if Axtar shall pay all costs, fees, disbursements, and judgments incurred by reason of said appeal proceeding, and I repeat the word incurred, who else could have incurred these particular costs, fees, disbursements, and judgments other than Axtar, the bond principal? The second item I want to clarify is the Goldberg case. And the only published opinion that either side could find, we think, in the country, if it's on point, and surprisingly, virtually on all fours with this case. The only item that opposing Counselor Bechtel could identify to suggest a distinction is the word mentioned, that the word, that the other of the two co-judgment debtors was not mentioned in the bond. Now, in the Goldberg case, we don't get to see the bond form as we do in this case. But if you look in this case, is really P.W. Stevens, which is the other co-judgment debtor, even mentioned? It shows up in the caption, and it simply shows up in a recital with respect to the name of the judgment. And, Your Honors, that is the only two clarifying points that I have, and I will defer my time or answer any questions from any of Your Honors. You're talking about what's been referred to as the old Republic case, is that right? Yes, Your Honor. Perhaps you can speak a little louder. I'm having a little difficulty. I'm sorry, Your Honor. I'm actually done. I'd like to defer. That's not right. I could repeat anything, any questions you have. Oh, no, don't do that. No, no, do that. But I'll defer the remainder of my time until I can back up. Thank you. Thank you. Good morning. May it please the Court. Michael Grace for Bechtel Hanford. The old Republic case is, in fact, similar, but it's not dispositive. And the reason is, the question isn't who are the parties to the bond. The question is, what was intended, and what was the surety bound to? And that's the key distinction with the old Republic case, which is, in the bond at issue, what the surety is bound to is to pay the judgment. And the question that arose before the trial court, and that was argued extensively, is, which judgment? Pay the judgment owed by the principal, or the obligation of the principal. It does not say pay the judgment owed by the principal. No, but I mean in general. That could be. The surety assumes responsibility to pay the indebtedness of its principal. They agree to pay the indebtedness of the principal as set forth in the bond. And what the bond defines as the indebtedness, in this case, is the judgment of Axtar and the judgment of P.W. Stephens. It would be a different. Let me take you one little step further. It makes no sense to me, and I happen to be on the other prior panel, that reversed the judgment against Axtar, I guess, on the attorney's fees. Understood. And costs and interest, I guess it was. That's what it said. But, you know, it doesn't make much sense to me that the bonding company, the surety company, would have agreed. It was appealing the judgment. Axtar was appealing the judgment. And that the bonding company would have agreed nonetheless to have assured payment of P.W. Stephens' portion when they were challenging the judgment as to Axtar. I understand. It makes no sense. I mean, it's just common sense. Keep in mind, Your Honor, keep in mind, at the time that the appeal was filed and at the time that this bond was issued, an appeal was filed both on behalf of P.W. Stephens and on behalf of Axtar, represented by the same counsel. And this bond was issued in conjunction with a stay or, excuse me, a notice of filing undertaking to stay enforcement of the judgments against both P.W. Stephens and Axtar. The question is why wasn't the bond issued to Axtar and P.W. Stephens? I'm sorry. I didn't hear the question. Why wasn't the bond issued to Axtar and P.W. Stephens? I don't know the answer to that question, Your Honor. At the time, however, though, excuse me, Axtar was standing in the shoes of P.W. Stephens and acting in the interest of P.W. Stephens, as Judge Paez noted, to assert that they were subrogated to P.W. Stephens and that they were an assidy of P.W. Stephens. Now, it's perfectly consistent to file a bond when Axtar really is the party that was acting here in the trial court. P.W. Stephens really was not taking the laboring ore here. It was the surety. And it's perfectly consistent when the surety is being held jointly as severally liable to, in order to effectuate an appeal on behalf, excuse me, effectuate a stay of execution for both P.W. Stephens and Axtar to file a bond that secures both judges. Well, I think his question was to the inconsistency or the illogic of Axtar appealing the award of damages and free judgment interest and so forth, which it might prevail in, but at the same time, it accepts an obligation under the bond for the same items if P.W.S. was liable for them, because they were joint in several obligations of P.W.S. and Axtar, I believe. What's the logic of that? I submit, Your Honor, that the question isn't the motivation of why they would do so, but the intent of what is written and what they intended to be bound to by the terms of this document. And Judge Whaley examined that. That's true, but they could win and lose the same items at the same time under you. Your Honor, the bond was drafted by counsel for P.W. Stephens and Axtar. The bond was drafted by counsel and subsequently represented United Coastal at the trial court level in arguing this very issue. And these are sophisticated sureties that are parties to this bond, United Coastal and Axtar. And they certainly know how to carve out and specify that the judgment we are referring to, or the judgment they are referring to, as they say now, is strictly the judgment as it relates to Axtar. See, Whaley, you're saying here, you know, if you look at the bond, your argument is, is that because they added in the name in the whereas clause, lines 13 to 17, that Bechtel, Defendant Bechtel, was awarded judgment against Axtar and P.W. Stephens, that that's it. That's part of it, Your Honor. There are four places in this bond. Would your argument be the same if they had just deleted P.W. Stephens? I'm sorry. From that? Had they not included the name Defendant P.W. Stephens on line 16 in the bond, if that had just not been there, would you be here today? The argument would not be as strong. I agree. I agree. However, the judgment is referred to four times, Your Honor, in this bond. It is never once specified as the judgment against Axtar. In fact, the only time the term the judgment or the money judgment is used in conjunction with parties, it's used in conjunction with both Axtar and P.W. Stephens. And in fact, the notice of undertaking that is joined to the bond illustrates the entire reason and purpose for this bond, which is to an effectuate, to effectuate a stay against both Axtar and P.W. Stephens. And the idea or the argument from counsel that the only reason that P.W. Stephens is included in the text of the bond is because it is simply repeating the caption of the judgment, that's incorrect. If one looks at the title of, excuse me, if one looks at the judgment as it's referred to in the notice of undertaking, in that document, the title of the judgment is repeated exactly. Judgment for Bechtel Hanford against P.W. Stephens Contractors, Axtar Insurance Company, and Contractors Equipment and Maintenance Company. That is a recitation of the judgment title. However, in the bond, the document which, in fact, governs here, it doesn't repeat the title of the judgment verbatim. There is effort here to include reference to P.W. Stephens. The question then being, what was intended by that? And when Judge Whaley interpreted that in conjunction with the three key documents that he looked at, he concluded, as a matter of his discretion, that in fact, it did bind Axtar, excuse me, bind United Coastal to the Stephens judgment as well. I would also point out to the court that at argument in front of Judge Whaley, Judge Whaley walked through the steps and what he was going to look at in terms of key documents, and it was agreed to by counsel for Axtar and United Coastal that those were appropriate documents to look at. Having received a decision that Axtar, excuse me, that United Coastal does not now agree with, they take issue with that. And that issue has been waived, and I would point that out as well. I'm not sure I understand that argument, but. The argument being, Your Honor, that United Coastal takes issue with the fact that Judge Whaley reviewed three key documents, being the notice of understanding. I think what he did was he found that it was ambiguous and therefore was going to look at the extraneous evidence surrounding the circumstances here. And so it was agreed that he would look at the three, there were three key documents that he would look at. Did Your Honor say that Judge Whaley found that the document was ambiguous? Yes. I respectfully disagree. I don't think the record reflects that. And in fact, Washington law does not require a finding of ambiguity to look at. Well, Washington, you only go to extrinsic evidence in Washington law to look at, you know, if you need to interpret a particular term of the document that's an issue. Understood, Your Honor. Right? So the only reason why you need to look at extrinsic evidence is because there's some ambiguity in the document. I disagree that an ambiguity is required. You just don't look at extrinsic evidence in Washington law when you interpret a document. And they still apply an objective test. I would cite the Court to Berg v. Huisman and Hurst v. Seattle Communications. I read them this morning. Yes. And, Your Honor, those cases. I don't read those cases saying you just randomly look at extrinsic evidence. I agree with the Court on that point. But those cases expressly state first that ambiguity is not required before extrinsic evidence is reviewed, and extrinsic evidence is reviewed when it's necessary to determine the intent of the parties. And the intent of the parties was necessary here to determine what they meant in terms of the judgment. I'm not even sure that, you know, look, the way I read this document, I'm not even sure there is. You may be right. There may not be any ambiguity here, because as I read this document, I just, I find I have a difficult time with the outcome in the district court. It's just too inconsistent with what the position that Axtar was taking when they appealed the judgment. And, again, I mean, you know, common sense still has some role in all of this. Understood and agreed. However, they're bound by what the terms of the document state. It's the way they drafted it, and it should be held. Can I ask you something? Because I'm not sure I understand the practical aspects of this. There was a joint judgment against the two for certain aspects, and then there were separate judgments for other parts? There was a separate judgment for the principal obligation being approximately $280,000 held for breach of contract against P.W. Stevens and a judgment in the same amount against Axtar for liability under the Miller Act bond. And then the attorney's fees and costs, those were not, Axtar was not liable for them and P.W. Stevens was? Initially, they were joint and severally liable by decision of the trial court. That decision was appealed to this court, which Judge Paez referred to and heard. And that portion of the decision, the joint and several liability as to the attorney's fees, costs, et cetera, was reversed. Yes, but Stevens was still liable for that. Correct. So the real question, the bond covered the parts that they were both liable for. No one had to worry about Stevens once Axtar was going to pay for that. I'm not certain I understand your question. The bond covered what Stevens was liable for as well as Axtar. Well, that's the question, whether the bond covers. Yes, yes. And the reason being, Your Honor, what this court must keep in mind is my client was precluded by the stay from enforcing the judgment against Stevens during the pendency of Axtar's appeal. There was no stay entered by the district court? The bond was approved by the district court, Your Honor. When there was a stay entered as well? Approval constitutes, under the court rules, approval constitutes the stay. Under Federal Rule 62D. But as I understand it, after we reversed the part of the judgment of the district court, it went back, and Axtar paid its obligation of whatever amount. My client settled with Axtar. For the principal amount that they were indebted on, the principal. Yes, cash in hand. We had reversed the award of attorney's fees, costs, and prejudgment interest. Correct. But that amount was still pending because of a joint and several liable judgment against P.W. Stevens. That amount was still pending against P.W. Stevens. Correct. And that's what you guys want to collect from Axtar. Correct. From United Coast. United, that's right, on the supersedious bond. Correct. Right? It's not the amount that was joint and several. That's satisfied when Axtar paid it. The payment that we received from Axtar? Yeah. The payment that we received from Axtar, we released Axtar for their liability. On the principal amount. Correct. Principal. So all that left was the attorney's fees and costs that Axtar was not liable for and J.W. Stevens was. As well as the principal. Your Honor, that's correct. That's correct. And J.W. Stevens was bankrupt? I don't believe they actually went bankrupt but defunct. And when did they go defunct? I don't know the exact date, Your Honor. However, we were precluded from enforcing or executing the judgment against them until such time as panel reversed the initial decision and the stay was lifted. That this bond was put up before the initial decision? That's correct, Your Honor. This bond was put up shortly after the notice of appeal was filed. The notice of appeal was filed on April 22, 2004. On June 9, 2004, the bond was filed. On August 23, 2004, the initial appeal brief was filed. Now, if the bond only protected Axtar or gave you, if it was only an Axtar bond and it was approved by the court, why would that prevent you from proceeding against J.W. Stevens? It wouldn't if there were no stay in effect for P.W. Stevens. But the fact that the notice of undertaking which counsel for Axtar and P.W. Stevens United Coastals brief, the text being, Please take notice that pursuant to Federal Rule Civil Procedure 62D, an undertaking is being filed on behalf of defendant Axtar Insurance Company, et cetera, to stay the money judgment for Bechtel Hanford against P.W. Stevens Contractors, Axtar Insurance Company, and Contractors Equipment Maintenance Company. So your argument is, is that under the rule, that constitutes an automatic stay, even though the district court judge didn't enter a stay order against both defendants. Your Honor, the district court did approve it by virtue of the court. He approved it. Well, I don't know. I'm not going to say he approved or didn't approve it. But your argument is, is that because they filed a notice of undertaking with the court, that that had the effect of an automatic stay? No. The argument is the stay is effective upon approval by the court. Okay. Now, which rule says that? 62D, Federal Rule of Civil Procedure. Let me look. 62D. D? 62D. It says the stay takes effect when the court approves the bond. That's correct. Okay. Now, where is the word that says the court approves the bond? The case law, Your Honor, there is no separate order to directly answer the court's question. There's no separate order. There's no separate order saying that. However, case law indicates that the court clerk can do so by filing it. And I would cite the court's ---- What Ninth Circuit case says that? The Ninth Circuit ---- I don't think I have a Ninth Circuit case for that, Your Honor. Well, what circuit case from which circuit says that? The title of the case is Fancelcar v. Weinroth and Company, LP. It's cited in our briefing, Your Honor. 221, Federal Rules of Decision, 197. Federal Rules of Decision. Well, that's a district court case. Yes, sir. What circuit case? What circuit court of appeals says what you just said? I don't believe we've cited a case that would do that effect. All right. You know, suppose the bond were clearly invalid. You know, I have seen bonds that were clearly invalid. I have seen bonds that were clearly invalid. Obtained by a major law firm that did not serve the function, but nobody realized that until the case was in trial. It can't happen. What happens if there's a bond that doesn't really protect anybody and the clerk takes it? I didn't hear the last part. And the clerk accepts it. And the clerk accepts that? Unfortunately, that is a case where the obligee may be out of luck or be forced to resort to other remedies. And if it only protects one appellant or one of the appellees, appellant, and it doesn't apply to the others, wouldn't the party be out of luck as to those others who the bond is not issued for? I don't believe we'd be out of luck as to still being able to execute judgment against those other parties. The judgment against P.W. Stevens is still intact. The question being whether we have recourse against United Coastal. Yes, that's what I mean. Under the bond, even though you were stayed or may not have been stayed by a bond that didn't apply to some. I would point out, however, Your Honor, that Judge Whaley did in fact find that Bechtel was stayed by entrance of the bond. Well, that could have been incorrect also. You know, it's a difficult issue and a difficult problem. And sometimes these bonds are just not properly drafted, and that may affect people who are not involved in that. But it's certainly not an easy problem. If there's no further questions, thank you. Thank you, counsel. Your Honors, I might just help to clarify our last – your last conversation, and it is a bit of a comedy of errors. In point of fact, there was no stay. The bond, the superstitious bond that we're all talking about, was never filed. The only thing that was filed was the notice of undertaking, ironically. Now, United Coastal is not taking the position, however, that the bond is not out there. The superstitious bond was available to pay ACSTAR's liability in connection with the judgment. Of course, ACSTAR paid it, so United Coastal didn't need to. So it is a bit of a comedy of errors. But I did want to at least enlighten the Court as to what actually happened. But it doesn't think it has any relevance to this situation. What is it? It says in the notice of filing undertaking that an undertaking, which I assume is the bond, is the original which is attached here to Exhibit 1. Are you saying that Exhibit 1 was not actually attached? It was. Exhibit 1 was attached, but it wasn't filed as a separate document. In other words, it's just the notice. Wasn't that the bond? Oh, yeah. Okay. I understand. I guess my feeling was that the actual bond had to have a file stamp on it rather than the notice with the bond being an exhibit. But you're right. It certainly is. The bond certainly is of record with the Court. You do have a copy of it. But interestingly, we do know that the notice was filed on behalf of AXSTAR and not on behalf of any other party. Other than that, Your Honors, I agree with Judge Pius exactly, which is it would be illogical to appeal and spend the money to fight the liability for attorneys' fees, costs, and interest, and yet to put up a bond. And the law is clear that AXSTAR had indemnity obligations to United Coastal. To put up a bond, that would protect, back to last, to the judgment obtained against Stevens. So you're absolutely right. It's illogical. And if you're going to look at context under the Hearst case, you can clearly see that the intent of this bond was to only cover the liability of AXSTAR. Other than that, Your Honors, I am happy to answer any questions that you might  have. Thank you. Thank you, counsel. The case just argued will be submitted. The Court will take a brief recess before the final case of the morning. Thank you.
judges: Reinhardt, Paez, Cudahy